NONCONFIDENTIAL

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE**

**FUZHOU HENGLI PAPER CO., LTD.,**

**Plaintiff,**

**v.**

**UNITED STATES,**

**Defendant,**

**and**

**AMERICAN PAPER PLATE COALITION,**

**Defendant-Intervenor.**

Court No. 25-00064

**DEFENDANT-INTERVENOR'S OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Adam H. Gordon, Esq.
Benjamin J. Bay, Esq.
Scott D. McBride, Esq.
**THE BRISTOL GROUP PLLC**
1707 L Street NW
Suite 1050
Washington, DC 20036
Tel: (202) 991-2701

Date: November 20, 2025

*Counsel to Defendant-Intervenor American Paper Plate Coalition*

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE**

| | |
|---|---|
| **FUZHOU HENGLI PAPER CO., LTD.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>**Defendant,**<br><br>**and**<br><br>**AMERICAN PAPER PLATE COALITION,**<br><br>**Defendant-Intervenor.** | Court No. 25-00064 |

**ORDER**

Upon consideration of Plaintiff's motion to supplement the administrative record, and Defendant's and Defendant-Intervenor's oppositions, it is hereby:

**ORDERED** that Plaintiff's motion is **DENIED**.

___________________________
Judge Jennifer Choe-Groves

Dated: ______________________, 2025
New York, New York

NONCONFIDENTIAL

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE**

| | |
|---|---|
| **FUZHOU HENGLI PAPER CO., LTD.,**<br>**Plaintiff,**<br>**v.**<br>**UNITED STATES,**<br>**Defendant,**<br>**and**<br>**AMERICAN PAPER PLATE COALITION,**<br>**Defendant-Intervenor.** | Court No. 25-00064 |

**DEFENDANT-INTERVENOR'S OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Pursuant to Rules 7(d) and 73.3 of the Rules of this Court, Defendant-Intervenor, the American Paper Plate Coalition ("APPC"), respectfully requests that the Court deny Plaintiff's motion to supplement the administrative record in this case.

Plaintiff Fuzhou Hengli Paper Co., Ltd. ("Hengli"), has requested that this Court supplement the record to include an Excel datafile titled "Attachment I," which is attached as Exhibit 1 to its motion to supplement the administrative record. Hengli Motion to Supplement the Record, ECF No. 47. However, the United States Department of Commerce's ("Commerce") ACCESS system never added that document to the administrative record in the underlying less-than-fair-value investigation of certain paper plates from the People's Republic of China ("China"). *Certain Paper Plates from the People's Republic of China, Thailand, and the Socialist Republic of Vietnam*, 90 Fed. Reg. 8,271 (Dep't of Commerce Jan. 28, 2025) (final

determ.), P.R. 360 ("*Final Determination*"), and accompanying Issues and Decision Memorandum (Jan. 21, 2025), P.R. 354 ("IDM").[1] In addition, Commerce did not address any of the information in the Excel datafile in the IDM because that information was never "presented to" Commerce during the investigation, as that term is used in the statute. While Attachment I appears to have been submitted as a non-final document, a final version was never filed and Commerce does not include non-final versions of documents as part of the record that is presented to the Commerce decision makers. Accordingly, the Court should deny Hengli's motion because it fails to demonstrate that the extraordinary relief it requests is warranted.

## I. BACKGROUND

Hengli argued in its Rule 56.2 Motion that even though none of its reported factors of production[2] were specific to individual control numbers[3], or even specific solely to the production of subject merchandise, the FOP amounts were still "accurate," because Hengli alleged that there was "no meaningful difference if the particular paperboard input used is lighter or heavier." ECF Nos. 38, 38 and 40 ("Hengli Br.") at 18. In support of this claim, Hengli cited what is identified as "Attachment I" to the rebuttal brief it filed with Commerce during the investigation. Letter from Morris, Manning & Martin, LLP to Sec'y of Commerce, *Certain Paper Plates from the People's Republic of China, Case No. A-570-164: Fuzhou Hengli's Rebuttal Brief* (Jan. 8, 2025) ("Rebuttal Brief"), P.R. 346 (ACCESS Barcode No. 4695238-01);

[1] Public documents in the administrative record are designated as "P.R." and confidential documents are designated as "C.R." Business proprietary information from confidential documents is designated using square brackets and is redacted from the public version of this brief, in accordance with Rule 5(g) of the Court's Rules.

[2] Factors of Production, or "FOPs," are the individual inputs used to produce the merchandise under investigation.

[3] Control numbers, or "CONNUMs," are akin to a SKU and identify individual types of subject merchandise using a numerical code identifying important physical characteristics of the product.

C.R. 318 (ACCESS Barcode No. 4695237-01). However, there is no Attachment I to the Rebuttal Brief that is in the administrative record.

In its Rebuttal Brief, Hengli claimed that Attachment I consisted of worksheets found elsewhere on the record, in "Exhibit D-6 Materials Allocation," as updated by verification exhibit "VE-1 Attachment 2." Rebuttal Brief at 35. Hengli argued that it calculated that the ultimate difference between the CONNUM-specific FOPs and the FOPs reported using Hengli's methodology was only "0.063 percent." *Id.* In response, in the IDM Commerce stated that if Hengli's argument and calculations in the Rebuttal Brief were correct, then that result showed that Hengli's "FOP data" were "not as accurate as" the FOP data Hengli could have reported, had it reported its data on a CONNUM-specific basis, as directed by Commerce in its questionnaires. IDM at 14. Beyond responding to the general claims alleged in the Rebuttal Brief, however, Commerce did not address the data allegedly contained in the Attachment I Excel datafile – because Attachment I was never added to the administrative record before the agency.

Hengli now claims that it received upload confirmation pages from the ACCESS system for both the Rebuttal Brief (which ACCESS officials added to the administrative record and that was addressed by Commerce in the IDM) and an Excel datafile, "Attachment I," which Hengli filed as a separate submission.

In support of that claim, Hengli has attached, as Exhibit 2 to its Motion to Supplement, two electronic confirmation documents from the ACCESS system pertaining to the Rebuttal Brief, and one electronic confirmation document pertaining to Attachment I. *See* Motion to Supplement, Exhibit 2.

The filing confirmations for the Rebuttal Brief include both the "Bracketing Not Final/1 Day Lag Filing" version ("BNF" or "non-final") (ACCESS Barcode No. 4694729-01) and the final version (ACCESS Barcode No. 4695237-01). There is also a confirmation of electronic submission for Attachment I, which, according to the filing date-stamp on the document, was uploaded within one minute of the BNF version of the Rebuttal Brief.

To be clear, the filing receipt shows that Hengli filed a non-final version of Attachment I immediately after the non-final version of the Rebuttal Brief, not as an entirely separate document from the Rebuttal Brief filing. While Attachment I has a different assigned ACCESS barcode number (ACCESS Barcode No. 4694731) than either version of the Rebuttal Brief, the comments of the Attachment I submission confirmation clearly state that the data file is "to accompany barcode 4694729," which was the ACCESS Barcode number for the BNF version of the Rebuttal Brief (not the final version). Based on the contents of Exhibit 2 to the Motion to Supplement the Record, it appears Hengli did not file a final version of Attachment I when it filed the final version of the Rebuttal Brief.

## II. THE COURT SHOULD DENY HENGLI'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

The Court's review of Commerce's determination is limited to the administrative record from the underlying proceeding. *See* 19 U.S.C. § 1516a(b)(2)(A). The statute states that the "record for review" contains "all information ***presented to*** or obtained by" Commerce "during the course of the administrative proceeding." 19 U.S.C. § 1516a(b)(2)(A)(i) (emphasis added). The Court of International Trade ("CIT") has emphasized that a key factor in considering the contents of the administrative record is whether a document was considered by Commerce decision makers in forming the basis for the agency's decision. *See Ass'n of Am. Sch. Paper Suppliers v. United States*, 683 F. Supp. 2d 1317, 1320-1323 (Ct. Intl Trade 2010) ("This court

has repeatedly held that judicial review must be based solely upon the administrative record made during the particular review proceeding which resulted in the determination subject to judicial review") ("*AASPS*") (citing *Beker Indus. Corp. v. United States*, 7 C.I.T. 313, 313-18 (1984)).

Only in exceptional circumstances should the Court permit a party to supplement the administrative record. *See AASPS*, 683 F. Supp. 2d at 1320; *see also Essar Steel Ltd. v. United States*, 678 F.3d 1268, 1277 (Fed. Cir. 2012). This is limited to instances when at the time that supplementation of the record is sought, there is new, changed, or extraordinary information available that was not available during the investigation, or when the party makes a strong showing of bad faith or improper behavior by agency decision makers. *AASPS*, 683 F. Supp. 2d at 1322-23.

As the CIT held in *Giorgio Foods, Inc. v. United States*, 755 F. Supp. 2d 1342, 1346 (Ct. Int'l Trade 2011) ("*Giorgio Foods*"), "{w}here an agency presents a certified copy of the complete administrative record, as was done in this case, 'the court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary.'" (citing *Defenders of Wildlife,* 24 CIT 1116, 1119 (Oct. 12, 2000) (quoting *Ammex, Inc. v. United States,* 62 F.Supp.2d 1148 (Ct. Int'l Trade 1999)). The Court held in *Giorgio Foods* that

> {i}n a motion to complete the administrative record, a party must do more than simply allege that the record is incomplete. Rather, a party must provide the Court with reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record. The burden therefore rests on Plaintiffs to provide evidence that the appropriate decisionmakers either directly or indirectly considered the missing documents while making their decision.

*Giorgio Foods* at 1346 (citing *Defenders of Wildlife*, 24 CIT at 1119).

Hengli has not argued that Commerce considered the contents of Attachment I in the *Final Determination*, or that Commerce acted in bad faith. Instead, Hengli has argued that

because it "presented" Attachment I to Commerce for filing on the ACCESS system with the non-final version of its rebuttal brief, under the terms of the statute the Excel datafile should automatically be considered part of the administrative record. Hengli Motion to Supplement at 2-3.

Such a claim is illogical. The statute states that documents "presented to" Commerce are considered part of the administrative record, but if Commerce never considered a document in the "decision-making process," as the CIT held in *Giorgio Foods*, then that rule does not apply. Indeed, Hengli is challenging the lawfulness of Commerce's determination based on record information before it at the time it issued the *Final Determination*, not based on information which was uploaded to the ACCESS system for filing with the non-final version of its rebuttal brief only, and that was never added by ACCESS officials to the administrative record during the investigation (because a final version was not filed).

In fact, Business Proprietary Information ("BPI") documents submitted to the ACCESS system in non-final form only, with no final version being filed, are never added to the administrative record by ACCESS officials and are therefore never "presented to" the Commerce teams and decisions makers, under 19 U.S.C. § 1516a(b)(2)(A)(i).[4] For example, as reflected in Exhibit 2 to Hengli's Motion to Supplement the Record, although Hengli's non-final Rebuttal Brief was uploaded on January 8, 2025, and assigned ACCESS barcode number 4694729-01, the non-final version of the Rebuttal Brief was never added to the administrative record by ACCESS

[4] The confirmation of receipt of a document by the ACCESS system is not the same as the actual addition of the document to the official record by ACCESS officials. With respect to non-final BPI submissions, ACCESS confirmations acknowledge that the document has been uploaded, but not that the document has been added to the official administrative record. ACCESS officials review the final versions of documents that have been uploaded to confirm that they satisfy all filing requirements, and reject documents that do not.

officials, and that barcode number does not appear on the BPI index filed with the Court. *U.S. Department of Commerce BPI Index to Administrative Record*, *Case No. A-570-164, Paper Plates from People's Republic of China* (May 5, 2025), ECF No. 30.

The final proprietary version of the Rebuttal Brief, with ACCESS barcode number 4695237-01, was added to the administrative record by ACCESS officials and is listed in the BPI index. Thus, although both versions of the Rebuttal Brief were uploaded to the ACCESS system, only the version added by ACCESS officials to the record – the final version – would be considered "presented" to Commerce and part of the administrative record.

Furthermore, as noted above, the date stamps on the confirmation of electronic submissions suggest that Hengli only uploaded the non-final version of Attachment I, and it did not submit a final version of the document. If that is, in fact, the case, then there was no reason for ACCESS officials to consider the non-final Attachment I submission as final and add it to the official administrative record. A respondent's failure to file the final version of a proprietary document does not obligate Commerce to unilaterally redesignate a non-final version as final. The burden of preparing a complete and accurate record, of course, is on the respondent, not Commerce. *See Qingdao Sea-Line Trading Co., Ltd. v. United States*, 766 F. 3d 1378, 1386 (Fed. Cir. 2014). Indeed, such filing failures can lead to rejection of filings and use of facts available with inferences adverse to a respondent's interests under 19 U.S.C. § 1677e.

The ACCESS system confirmation of Attachment I was nothing more than acknowledgement of the successful uploading of that non-final submission on January 8, 2025. That acknowledgement did not mean, as Hengli claims, that Attachment I should have been considered part of the final version of the Rebuttal Brief filed the next day, on January 9, 2025, or that it was automatically part of the administrative record, pursuant to 19 U.S.C.

§ 1516a(b)(2)(A)(i). Instead, because ACCESS officials did not add the non-final version of Attachment I to the record, and Hengli apparently failed to file a final version of the document, it was never "presented to" Commerce's analysts and decision makers for consideration and analysis under the statute and therefore is not a record document.

In sum, it is evident from the IDM and the administrative record that the Excel datafile identified as "Attachment I" never became part of the official record and thus was never placed before the Commerce team members or decision makers for their consideration. Further, Hengli has provided no evidence that "the appropriate decision makers either directly or indirectly considered the missing document" in making their determination. *Giorgio Foods*, 755 F. Supp. 2d at 1345. Accordingly, there is no merit to Hengli's argument that the Excel datafile at issue was "presented to" Commerce under 19 U.S.C. § 1516a(b)(2)(A)(i) or that Attachment I was ever considered part of the official administrative record of the underlying investigation.[5]

---

[5] On November 17, 2025, Hengli filed its Reply Brief with this Court. *Plaintiff's Reply Brief in Support of Its Motion for Judgment on the Agency Record* (Nov. 17, 2025) ("Reply Brief"), ECF No. 54. In that submission, Hengli claims that it "properly filed" Attachment I "to the record," that it "properly submitted the said exhibit to its Rebuttal Brief by following ACCESS instructions for datafile submissions," and that it "received confirmation letters as proof of the success of the submission." Reply Brief at 13. All of these statements are, at best, misleading, because Hengli never acknowledges that it only uploaded a non-final BPI version of Attachment I to the ACCESS system and that the ACCESS confirmation only acknowledged that the Attachment I upload was associated with the barcode assigned to the non-final BPI version of the Rebuttal Brief, and not with the barcode assigned to the final version of the Rebuttal Brief. *See* Motion to Supplement at Exhibit 2. In fact, Hengli has provided no evidence on the record that it filed a final BPI version of Attachment I. Thus, it is incorrect to state that Hengli "properly" filed a final version of the Rebuttal Brief attachment to be added to the administrative record.

Instead, Hengli casts aspersions on Commerce in its Reply Brief, alleging that because of Commerce's "negligence" it was not able to submit corrected FOPs as an attachment to its Rebuttal Brief. Reply Brief at 13. Hengli claims Commerce "lost the datafile," that the exhibit "was submitted but lost by Commerce," and that Commerce "overlooked" the submitted information. *Id.* Hengli even goes as far as to claim that Commerce is trying "to shift the blame to Fuzhou Hengli" rather than "reveal the hypocrisy" because it says Commerce, and not Hengli, "was negligent." *Id.* However, it was Hengli, and not Commerce, that neglected to file a final

**NONCONFIDENTIAL**

## III. CONCLUSION

APPC respectfully requests that this Court deny Hengli's Motion to Supplement the Record.

Respectfully submitted,

*/s/ Adam H. Gordon*
Adam H. Gordon, Esq.
Benjamin J. Bay, Esq.
Scott D. McBride, Esq.
**THE BRISTOL GROUP PLLC**
1707 L Street NW
Suite 1050
Washington, DC 20036
Tel: (202) 991-2701

Date: November 20, 2025

*Counsel to Defendant-Intervenor American Paper Plate Coalition*

BPI version of Attachment I, and therefore there is no evidence that Commerce "lost" or "overlooked" any information on the record.

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this response contains 2,591 words, excluding any materials excluded from those Procedures' requirements, as calculated by the word processing system used to prepare this opposition to the motion to supplement the administrative record (Microsoft Word).

/s/ Adam H. Gordon
Adam H. Gordon, Esq.
Benjamin J. Bay, Esq.
Scott D. McBride, Esq.
**THE BRISTOL GROUP PLLC**
1707 L Street NW
Suite 1050
Washington, DC 20036
Tel: (202) 991-2701

*Counsel to Defendant-Intervenor American Paper Plate Coalition*