Slip Op. 25-159

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **FUZHOU HENGLI PAPER CO., LTD.,** | |
| **Plaintiff,** | |
| **v.** | |
| **UNITED STATES,** | Before:  Jennifer Choe-Groves, Judge |
| **Defendant,** | Court No. 25-00064 |
| **and** | |
| **AMERICAN PAPER PLATE COALITION,** | |
| **Defendant-Intervenor.** | |

## OPINION AND ORDER

[Denying Plaintiff's motion to supplement the record.]

Dated: December 19, 2025

Eugene Degnan, Donald B. Cameron, Jr., Julie C. Mendoza, Rudi W. Planert, Brady W. Mills, Mary S. Hodgins, Jordan L. Fleischer, Edward J. Thomas, III, Nicholas C. Duffey, and Shiyu Liang, Morris, Manning & Martin, LLP, of Washington, D.C., for Plaintiff Fuzhou Hengli Paper Co., Ltd.

Collin T. Mathias, Trial Attorney, and Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States.  With them on the brief were Brett A. Shumate, Assistant Attorney General, and Patricia M. McCarthy, Director.

Also of counsel was <u>Heather Holman</u>, Attorney, Office of the Chief Counsel for Trade Enforcement Compliance, U.S. Department of Commerce.

<u>Adam H. Gordon</u>, <u>Benjamin J. Bay</u>, and <u>Scott D. McBride</u>, The Bristol Group PLLC, of Washington, D.C., for Defendant-Intervenor American Paper Plate Coalition.

Choe-Groves, Judge: Before the Court is the United States Department of Commerce's ("Commerce") antidumping duty order on paper plates from the People's Republic of China ("China"). <u>Certain Paper Plates From the People's Republic of China</u> ("<u>Final Determination</u>"), 90 Fed. Reg. 8,271 (Dep't of Commerce Jan. 28, 2025) (final affirmative determination of sales at less than fair value and final affirmative determination of critical circumstances, in part); <u>see also</u> Issues and Decision Memorandum For the Final Affirmative Determination in the Less-Than-Fair-Value Investigation of Certain Paper Plates from the People's Republic of China and Final Affirmative Determination of Critical Circumstances, in Part (Jan. 21, 2025) ("Final IDM"), PR 354. Plaintiff Fuzhou Hengli Paper Co., Ltd. ("Fuzhou") commenced this civil action against the United States ("Defendant") to contest parts of the <u>Final Determination</u>. Compl., ECF No. 6. Defendant-Intervenor American Paper Plate Coalition ("Defendant-Intervenor") filed a motion to intervene and joined the case. Consent Mot. Intervene, ECF No. 14. Defendant filed the administrative record pursuant to USCIT Rule 73.2. Admin. Rec. Index U.S. Dep't Com. ("Admin. Rec."), ECF No. 30; USCIT R.

73.2(a).  Fuzhou filed a motion to supplement the record.  Pl.'s Mot. Supp. Rec.

("Pl.'s Mot."), ECF Nos. 47, 48.  Defendant and Defendant-Intervenor opposed the

motion.  Def.'s. Resp. ("Def.'s Resp."), ECF No. 56; Def.-Interv.'s Resp. ("Def.-

Interv.'s Resp."), ECF No. 55.  For the reasons discussed below, Plaintiff's motion

to supplement the record is denied.

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction pursuant to 19 U.S.C. § 1516a(a)(2)(B)(i) and 28

U.S.C. § 1581(c), which grant the Court authority to review actions contesting the

final determination in an antidumping duty investigation.  In determining the

"meaning or applicability" of Commerce's actions, the Administrative Procedure

Act (APA) requires that a reviewing court hold unlawful and set aside an agency

action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law[,]" 5 U.S.C. § 706(2)(A).

## DISCUSSION

Fuzhou claims that it properly submitted an excel data file as an exhibit with

its administrative rebuttal brief and that technical error caused the omission of the

exhibit from the administrative record.  Pl.'s Mot. at 1–2; see Admin. Rec., ECF

No. 30-2 at 21.  Plaintiff seeks to add the missing exhibit to the record before this

Court on appeal.  Defendant opposes the addition of the exhibit to the record

before this Court, arguing that Plaintiff never filed the exhibit properly on the

administrative record, that Commerce did not consider the document, and that the

addition of the exhibit to the appellate record before this Court is inappropriate.

Def.'s Resp. at 6.

Commerce requires that all documents and databases must be electronically

filed on its electronic records system called ACCESS.  19 C.F.R.

§ 351.303(b)(2)(i).  All electronic filings must comply with the procedures

established in the ACCESS Handbook on Electronic Filing Procedures.  Id.; see

U.S. Dep't Com., ACCESS Handbook on Elec. Filing Proc., Enf't and Compliance

Int'l Trade Admin. Version 3.9 ("ACCESS Handbook") (Aug. 31, 2020),

https://access.trade.gov (last visited Dec. 19, 2025).

For document submissions that involve "business proprietary treatment, the

submitter may elect to file the submission under the one-day lag rule."  19 C.F.R.

§ 351.303(c)(1); ACCESS Handbook, 3(G) at 11.  The one-day lag system keeps

the submission on hold for one business day after the filing date; however, "one

business day after the date the business proprietary document is filed . . . a person

must file the complete final business proprietary document with the Department."

19 C.F.R. § 351.303(c)(2)(ii).  The final document, whether corrected or not, must

be re-filed in its entirety as a new document in ACCESS within one business day.

ACCESS Handbook, 3(G) at 11.

The ACCESS system refers to "data files" as files that are not in video or portable document format ("PDF").  Id., Appendix I at 25.  In cases when a data file is associated with another document, and the file is submitted separately from the document, "the submitter should input the barcode of the associated document in the Comments field of the data submission form so that the [data file] can be linked to its associated document in ACCESS."  Id., 3(M) at 15.

Fuzhou insists that it properly filed its excel data file in accordance with the ACCESS Handbook.  See Pl.'s Mot. at 1–2.  Defendant contends, however, that Fuzhou failed to follow the appropriate handbook guidance and regulations pursuant to 19 C.F.R. § 351.303(a), and thus Fuzhou did not properly file the document for consideration in the administrative proceeding.  See Def.'s Resp. at 4–5.  The Court reviews the applicable regulations and Commerce's actions under the abuse of discretion standard.  See 5 U.S.C. § 706(2)(A).

The Court agrees with Defendant that Fuzhou did not properly file its exhibit in accordance with the ACCESS Handbook because Fuzhou only filed its data file submission in the administrative proceeding on the one-day lag system on a temporary basis in connection with the barcode of the non-final rebuttal brief.  See Def.'s Resp. at 4–5.  Fuzhou never re-filed its data file submission in the administrative proceeding after one business day with the final rebuttal brief.  In other words, Fuzhou only filed its exhibit on the one-day lag system on a

temporary basis with its non-final rebuttal brief, and Fuzhou should have (but did

not) re-file the exhibit when Fuzhou filed the final administrative rebuttal brief on

the next business day.  By failing to re-file the exhibit the next day, Fuzhou filed

its final rebuttal brief without an attached exhibit and the exhibit was never

formally placed on the administrative record.

On ACCESS, when a submitter intends to associate a data file to another

document, the barcode of the associated document should be indicated in the

"comments" field of the submission to properly link both submissions.  ACCESS

Handbook, 3(M) at 15.  Fuzhou "associated" and only linked the exhibit to its non-

final rebuttal brief submission by referencing bar code 4694729.  Pl.'s Mot. at 2

("The comment section of the datafile's confirmation page lists 'Datafiles (BPI-

Final) to accompany barcode 4694729'"); see Pl.'s Mot. Ex. 2 at 2, 6, ECF Nos.

47-2, 48-2 (showing that barcode 4694729 belongs to Fuzhou's non-final rebuttal

brief submission).  Fuzhou erred by associating the exhibit with a submission that

the ACCESS system considered non-final.  See ACCESS Handbook, 3(G) at 11

(indicating that for purposes of the one-day lag rule, the document that ACCESS

considers final is the new document filed on the next business day after the first

submission).  Fuzhou never re-filed the data file and associated it with the final

rebuttal brief submission's barcode 4695237.

The one-day lag system for business proprietary documents considers the

second document, filed by close of business the next day, to be "the complete final

business proprietary document" filed with Commerce.  19 C.F.R.

§ 351.303(c)(2)(ii).  By not properly linking the exhibit to the barcode of the final

administrative rebuttal brief submission, 4695237, the ACCESS filing system

could not link Fuzhou's data file to the final rebuttal brief submission that was

included in the administrative record.  See Pl.'s Mot. Ex. 2 at 4.  Substantial

evidence supports Commerce's determination that the error was in Fuzhou's

failure to re-file the exhibit associated with the barcode for the final administrative

rebuttal brief, rather than a technical error in Commerce's electronic filing system.

The Court agrees with Commerce's determination that Fuzhou did not properly

submit its data file in accordance with the applicable ACCESS Handbook and

regulations.

Fuzhou maintains that it "presented" the exhibit to Commerce by properly

filing the submission on ACCESS, which qualifies the exhibit as information that

should be included in the administrative record.  See Pl.'s Mot. at 3.  An

administrative record "shall consist of . . . a copy of all information presented to or

obtained by [Commerce] . . . during the course of the administrative proceeding[.]"

19 U.S.C. § 1516a(b)(2)(A)(i).  While Fuzhou argues that it is not seeking to add

new or additional documents that were not presented to Commerce previously,

Court No. 25-00064                                                          Page 8

Defendant and Defendant-Intervenor contend that, due to Fuzhou's filing error, the

exhibit was never presented or considered by Commerce.  Pl.'s Mot. at 1; Def.'s

Resp. at 4; Def.-Interv.'s Resp. at 6.  The Court concludes that Commerce did not

abuse its discretion by determining that Fuzhou failed to properly file the exhibit

on ACCESS, and substantial evidence supports Commerce's determination that the

exhibit was neither "presented" to Commerce nor included in the administrative

record.

    Fuzhou requests that the Court should order the Defendant to add the exhibit

to the record on appeal to correct the alleged technical error that caused the

exclusion of the exhibit from the administrative record.  See Pl.'s Mot. at 3.

Defendant and Defendant-Intervenor both note that supplementing the

administrative record at this stage of litigation is limited to specific circumstances,

which they contend do not apply here.  Def.'s Resp. at 3; Def.-Interv.'s Resp. at 5.

An inquiry into sources of information not present in an agency's full

administrative record requires "a strong showing of bad faith or improper

behavior[,]" on behalf of the administrative officials.  Citizens to Pres. Overton

Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971).  Given that there have been no

allegations of bad faith or improper behavior by the agency, the Court concludes

that supplementing the record at this time is inappropriate.

**CONCLUSION**

For the foregoing reasons, the Court denies Plaintiff's motion to supplement the record because Commerce did not abuse its discretion in excluding Fuzhou's exhibit from the administrative record, and substantial evidence supports Commerce's determination that Fuzhou did not properly re-file the exhibit on ACCESS on the next business day with the final administrative rebuttal brief and thus Fuzhou never presented the exhibit to Commerce during the administrative proceeding.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Supplement the Record, ECF Nos. 47, 48, is denied.

                                                      /s/ Jennifer Choe-Groves
                                                      Jennifer Choe-Groves, Judge

Dated:    December 19, 2025
          New York, New York