**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE**

FUZHOU HENGLI PAPER CO., LTD.,

Plaintiff,

v.

UNITED STATES,

Defendant,

and

AMERICAN PAPER PLATE COALITION,

Defendant-Intervenor.

Court No. 25-00064

# PLAINTIFF'S COMMENTS IN OPPOSITION TO THE DEPARTMENT OF COMMERCE'S FINAL REDETERMINATION PURSUANT TO REMAND

Gene Degnan
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Brady W. Mills
Mary S. Hodgins
Jordan L. Fleischer
Edward J. Thomas III
Nicholas C. Duffey
Jenny (Shiyu) Liang

**TAFT STETTINIUS & HOLLISTER, LLP**
1333 New Hampshire Ave, N.W., Suite 800
Washington, D.C. 20036
(202) 216-4107

September 25, 2026

*Counsel to Plaintiff Fuzhou Hengli Paper Co., Ltd.*

**TABLE OF CONTENTS**

**I. ARGUMENT .......... 2**
**II. CONCLUSION .......... 5**

# TABLE OF AUTHORITIES

**Page(s)**

**Statutes**

19 U.S.C. § 1677m(d) .......... 2

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE**

| | |
|---|---|
| FUZHOU HENGLI PAPER CO., LTD.,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant,<br>and<br>AMERICAN PAPER PLATE COALITION,<br>Defendant-Intervenor. | Court No. 25-00064 |

**PLAINTIFF'S COMMENTS IN OPPOSITION TO REMAND RESULTS**

Pursuant to U.S. Court of International Trade ("CIT") Amended Scheduling Order, On behalf of Plaintiff Fuzhou Hengli Paper Co., Ltd. ("Fuzhou Hengli" or "Plaintiff") we hereby comment in opposition to the Final Remand Redetermination Pursuant to Court Remand, *Fuzhou Hengli Paper Co., Ltd. v. United States,* Court No. 25-00064, (Aug. 28, 2026), ECF No. 71, PRR No. 1 ("Final Redetermination").[1] As discussed below, Fuzhou Hengli agrees that Commerce complied with the Court's order insofar as it issued a supplemental questionnaire allowing Fuzhou Hengli to cure an alleged deficiency, and used the information to calculate a margin.

[1] Citations to the administrative record shall be to the public or confidential record document number ("PR" or "CR") followed by the page or exhibit number. Citations to the remand administrative record shall be to the public or confidential remand record document number ("PRR" or "CRR") followed by the page or exhibit number.

Fuzhou Hengli opposes, however, Commerce's remarks on other issues that were not remanded by the Court at this time.

## I. **ARGUMENT**

The Court's Opinion and Order in this litigation concerned three issues: "Notice and Opportunity to Remedy or Explain Deficiencies," (Slip Op. 26-59, *Fuzhou Hengli Paper Co., Ltd. v. United States*, Court No. 25-00064 (Ct. Int'l Trade June 11, 2026), ECF No. 67 ("*Fuzhou Hengli*, Slip Op. 26-59")) at 19, "Surrogate Value," (*id.* at 27), and "Critical Circumstances," (*id*.) On the issue of "Notice and Opportunity to Remedy or Explain Deficiencies," the Court concluded that Commerce failed to satisfy its statutory obligation under 19 U.S.C. § 1677m(d) to provide notice of a deficiency and an opportunity to correct the deficiency, and thus Commerce's application of adverse facts available ("AFA") was not in accordance with the law. *Fuzhou Hengli*, Slip Op. 26-59 at 26. Accordingly, the Court ordered that Commerce provide Fuzhou Hengli with notice of the deficiencies alleged by Commerce and allow Fuzhou Hengli an opportunity to cure. *Id.* at 27. Pursuant to Court order, Commerce provided notice to Fuzhou Hengli of the alleged deficiency as ordered and provided Fuzhou Hengli an opportunity to submit a revised factors of production database that incorporated the changes to address the deficiency. *See* Memorandum from Lingjun Wang, Analyst, AD/CVD Operations Office VII to the File, "Remand of Final Determination and Order in Antidumping Duty Investigation of Paper Plates from China: Opportunity to Cure Deficiencies," (U.S. Dep't of Commerce July 2, 2026)(PRR Doc. 14)(ACCESS Barcode: 4932610). We note that Commerce acknowledged that the verified information it sought was already on the record, and so restricted Fuzhou Hengli to only re-submitting that information. *Id.* at 1. Fuzhou Hengli does not oppose the Final Redetermination on this specific aspect of this issue.

The second issue addressed by the Court was "Surrogate Value." This issue was addressed at length by Fuzhou Hengli in its August 4, 2025 Rule 56.2 Brief. *See* Pl. Fuzhou Hengli's Br. in Supp. of Mot. for J. on Ag. R., *Fuzhou Hengli Paper Co., Ltd. v. United States,* Court No. 25-00064 (Ct. Int'l Trade Aug. 4, 2026), ECF No. 39 ("Fuzhou Hengli's 56.2 Brief"). This issue was not, however, remanded by the Court in its Opinion. Regarding "Surrogate Value", the Court explicitly stated that because this issue was rendered moot by Commerce's AFA determination, "[t]he Court may revisit this issue after remand as appropriate." *Fuzhou Hengli*, Slip Op. 26-59 at 27.

Commerce, nevertheless, addressed this issue in the Final Redetermination. Specifically, Commerce argues that for the surrogate value of folding box board ("FBB"), the use of a surrogate value for a very different and much more expensive material, kraft paper, that Commerce acknowledges was not used by the respondent, is justified under the law. *See* Final Redetermination at 6-8. Commerce justifies this use on the basis that the weights (*i.e.*, on a per square meter basis) of the materials in the kraft paper USHTS category might, hypothetically, be more similar, to the weight of the input used by Fuzhou Hengli, than the weights in the USHTS category of the input actually used by Fuzhou Hengli. *See id.* As noted by Fuzhou Hengli in its comments on the Draft Redetermination, Fuzhou Hengli has addressed this issue extensively in its briefing in this litigation (as well as in the underlying investigation) including the arguments made by Commerce in the Final Redetermination. *See* Letter from Taft Stettinius & Hollister LLP to Sec'y Commerce, "Comments on Draft Redetermination" (Aug. 11, 2026) (ACCESS Barcode: 4943763), PRR Doc 3; *see also* Fuzhou Hengli's 56.2 Brief at 29–44 (generally), and 42–44 (Section VI.C.8, "Commerce Cannot Value an Input with a Surrogate Value for an Entirely Different Material Simply Based on Weight When There Is an Appropriate Surrogate

Value on the Record"), and 44 (Section VI.C.9, "There Is No Basis in Law or Commerce's Practice to Use a Simple Average of the Two HTS Categories"). Accordingly, rather than reiterate the 16 pages of argument on this issue, Fuzhou Hengli incorporates them by reference as if set forth herein..

For the same reasons outlined in Plaintiff's 56.2 Brief, Commerce's justifications in the Final Redetermination should be rejected. The court should find that the Final Redetermination is unsupported by substantial evidence and contrary to law and remand this matter to Commerce.

The third issue before the court was "Critical Circumstances." Again, the Court noted in its Remand that "{t}he Court may revisit this issue after remand as appropriate". *Fuzhou Hengli*, Slip Op. 26-59 at 27. This only makes sense, as the issue should be decided based on the record evidence and Fuzhou Hengli's accurate margin calculated after Commerce's erroneous determinations are overturned. This issue is clearly not ready to be addressed until after the surrogate value issue is settled and Fuzhou Hengli's margin is recalculated, as the dumping margin is an integral element in the critical circumstances analysis. Accordingly, Fuzhou Hengli asks that the Court find that the Final Redetermination is unsupported by substantial evidence and contrary to law and remand this matter to Commerce.

## II. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reject the arguments and determinations in the Final Redetermination in regard to the surrogate value for FBB and critical circumstances and remand these issues to Commerce as appropriate.

Respectfully submitted,

/s/ Gene Degnan
Gene Degnan
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Brady W. Mills
Mary S. Hodgins
Jordan L. Fleischer
Edward J. Thomas III
Nicholas C. Duffey
Jenny (Shiyu) Liang

**TAFT STETTINIUS & HOLLISTER LLP**
1333 New Hampshire Avenue, N.W.,
Suite 800
Washington, D.C. 20036

*Counsel to Plaintiff Fuzhou Hengli Paper Co., Ltd.*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing brief complies with the Standard Chambers Procedures of the U.S. Court of International Trade in that it contains 1,072 words including text, footnotes, and headings and excluding the table of contents, table of authorities and counsel's signature block, according to the word count function of Microsoft Word 2016 used to prepare this brief.

/s/ Gene Degnan
Gene Degnan